Charles A. Loreto, J.
This is an article 78 proceeding in which petitioner moves for an order reviewing the action of the Commissioner of Motor Vehicles in revoking his chauffeur’s license. The revocation was pursuant to the Vehicle and Traffic Law (§ 71, subd. 2, par. [b]) for driving while intoxicated. *1077 On August 12, 1959 the respondent Commissioner, received from the Motor Vehicle Commissioner of the State of Delaware a certified copy of a “ report of conviction ’ ’ of petitioner of the “ offense ” of drunken driving. Acting pursuant to section 71 (subd. 2, par. [b]) which provides for the mandatory revocation of an operator’s license for “operating a motor vehicle * * * while under the influence of intoxicating liquor where the conviction was had outside this state ” and relying solely upon the report of conviction, the Commissioner issued the determination under attack.
Denying conviction by a foreign court of competent jurisdiction, petitioner also urges that the Commissioner did not act upon a record which states and discloses the name of the court in which he was tried and convicted.
The record received by the Commissioner and upon which he acted fails to state or designate the foreign court which convicted the petitioner. In the box or space appearing on the form below the printed word “ Court ” is found only the name of a person without designation or title or other description.
Of course, the Commissioner is under no duty to go behind the certificate of conviction to review the facts therein recited. However, a motor vehicle operator should not suffer the penalty of suspension or revocation of his operator’s license unless there is before the Commissioner the acceptable evidence of conviction by a court. That is lacking here. The required statement should not be difficult to secure. Important rights of individuals should not be subject to forfeit upon uncertain, indefinite or inconclusive or omitted statement of an essential fact upon which such action may be taken under the statute.
The court is constrained to grant the motion and to annul the determination of the Commissioner. Settle order.